**PHILIP MORRIS USA INC., Plaintiff,**

v.

**John X. LIU, Henry Yuan Heng Tung, Yinghoun Tung, and Li He, Defendants.**

**No. CV 05 9015 ER.**

United States District Court, C.D. California.

June 8, 2007.

Charles M. Grant, John C. Ulin, Heller Ehrman, Los Angeles, CA, Felix G. Luna, Kalai Lau, Samuel R. Watkins, Heller Ehrman, Seattle, WA, for Plaintiff.

Ming Gang Li, Law Offices of Li & Associates, El Monte, CA, Grant J. Hallstrom, Timothy D. Otte, Hallstrom Crucillo and Christesen, Irvine, CA, for Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

RAFEEDIE, Senior District Judge.

The Court has received, read, and considered all papers filed in connection with Plaintiff Philip Morris USA Inc.'s motion for summary judgment against Defendant John X. Liu, and it hereby GRANTS Plaintiff's motion in its entirety for the following reasons:

## I. Standard of Review

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has established that no genuine issue of material fact exists, the opposing party cannot rest on its pleadings. It must show the existence of a genuine issue by presenting real, probative evidence of the facts. *FTC v. Publishing Clearing House, Inc.*, 104 F.3d 1168, 1170 (9th Cir.1997). There is no genuine issue where the only "evidence" of a disputed fact is uncorroborated, self-serving testimony. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir.2002).

The Court notes that Defendant filed his opposition to Plaintiff's motion eight days late, and that he failed to provide an explanation for its tardiness. Under Local Rule 7–12, "[t]he Court may decline to consider any memorandum ... not filed within the deadline set by order or local rule," and "[t]he failure to file any required paper within the deadline ... may be deemed consent to the granting or denial of the motion." Even considering Defendant's opposition, however, the Court believes Plaintiff is entitled to judgment as a matter of law because there is no genuine issue as to any material fact.

## II. Liability

 Plaintiff's first and second claims allege violations under Sections 32 and 43(a) of the Lanham Act.[1] Although they are distinct claims, the elements are essen-

---

**1.** Section 32 of the Lanham Act, which prohibits infringement of federally registered trademarks, provides that to prevail on a claim of trademark infringement, a plaintiff must prove that the defendant used in commerce, without plaintiff-registrant's consent, a reproduction or copy of a registered trademark in connection with the sale of any goods or services, and that such use is likely to deceive consumers. 15 U.S.C. § 1114(1). *Brookfield Comm's, Inc. v. West Coast Entm't Corp.*, 174 F.3d 1036, 1046 n. 6, 1047 n. 8 (9th Cir.1999).

Like Section 32, Section 43(a) of the Lanham Act, which prohibits false designation of origin, provides that to prevail on a claim of false designation of origin, a plaintiff must prove that the defendant used in commerce,

tially identical and the same evidence establishes both claims. Liability is established under both Section 32 and Section 43(a) if the plaintiff demonstrates (1) it owns a valid and protectable trademark, and (2) the defendant used in commerce a similar mark without authorization in a manner likely to cause consumer confusion, deception, or mistake. *Id.; Phillip Morris USA Inc. v. Shalabi*, 352 F.Supp.2d 1067, 1072 (C.D.Cal.2004). Plaintiff has provided undisputed evidence that it owns the applicable trademarks. Further, offenses under the Lanham Act are strict liability offenses, and in his opposition and supporting declaration, Defendant concedes that he "unloaded and transported some cargo which unfortunately turned out to be counterfeit cigarettes." *Shalabi*, 352 F.Supp.2d at 1073 ("ignorance is no defense"); *see also Taubman Co. v. Webfeats*, 319 F.3d 770, 775 (6th Cir.2003) ("[T]he Lanham Act is a strict liability statute."). Defendant also signed the bill of lading for the counterfeit cigarettes. Unloading and transporting counterfeit cargo is "use in commerce," as required by the Lanham Act.[2] Thus, based on the uncontroverted evidence, the Court finds that Plaintiff is entitled to judgment as a matter of law on its first and second claims.

Similarly, the Court finds that the uncontroverted evidence demonstrates Plaintiff is entitled to judgment on its third claim, which alleges unlawful importation under Section 42 of the Lanham Act. To prove a violation under Section 42, a trademark owner need only prove that the defendant imported goods bearing copies of its federally registered marks. *Philip Morris USA Inc. v. Lee*, 481 F.Supp.2d 742, 748 (W.D.Tex.2006). In a counterfeit importation case, as here, the same facts that prove trademark infringement and false designation or origin against the importer also establish illegal importation under Section 42 of the Lanham Act. *See Philip Morris USA Inc. v. Marlboro Express*, 2005 U.S. Dist. LEXIS 40359 (E.D.N.Y.2005).

Plaintiff's fourth claim alleges a violation of Section 562(a) of the Tariff Act.[3] Under Section 562(a), Plaintiff need only prove that it has filed copies of the certificates of registration of its Marlboro marks with the Department of the Treasury and that Defendant imported goods bearing copies of its trademarks. Plaintiff has submitted evidence that it filed copies of the registration certificates, and the same evidence that proved trademark infringe-

---

in connection with any goods or services, any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, which is likely to deceive as to the affiliation, connection, or association of defendant with plaintiff, or as to the origin, sponsorship, or approval, of defendant's goods by plaintiff. 15 U.S.C. § 1125(a). *Brookfield*, 174 F.3d at 1046 n. 6.

2. The Lanham Act defines "use in commerce" as "the bona fide use of a mark in the ordinary course of trade." 15 U.S.C. § 1127. A mark on the goods is used in commerce when "it is placed in any manner on the goods or their containers ... and the goods are sold *or transported* in commerce." *Id.* Thus, Defendant's argument that he did not "sell" the

cigarettes but merely transported them holds no weight. Further, even in cases where the U.S. Bureau of Customs and Border Protection seizes counterfeit products at the port of entry, *before* they are further transported or distributed, liability still attaches under both Sections 32 and 43(a) of the Lanham Act. *E.g., Philip Morris USA Inc. v. Lee*, 481 F.Supp.2d 742, 748 (W.D.Tex.2006).

3. Section 562(a) of the Tariff Act provides that it is unlawful "to import ... any merchandise of foreign manufacture if such merchandise, or the label, sign, print, package, wrapper, or receptacle, bears a trademark owned by a citizen of, or by a corporation or association created or organized within, the United States." 19 U.S.C. § 1526(a).

ment, false designation, and illegal importation under the Lanham Act establishes Defendant's liability here. *See Philip Morris USA Inc. v. Lin*, 2004 U.S. Dist. LEXIS 29903, at *12 (C.D.Cal.2004). Therefore, the Court finds Plaintiff is entitled to judgment on this claim, as well.

■ Finally, Plaintiff has moved for summary judgment for unfair competition under California common law. Proof of trademark infringement under the Lanham Act independently constitutes unfair competition under California law. *See Lin*, 2004 U.S. Dist. LEXIS 29903, at *13–*14; *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135 (9th Cir.2002) (citation omitted). Therefore, Plaintiff is entitled to judgment as a matter of law on the unfair competition claim.

## III. Damages

■ Where a court finds a defendant has violated the Lanham Act, it may award statutory damages of up to $100,000 per mark infringed. 15 U.S.C. § 1117(c)(1). However, where the use of the counterfeit mark was *willful*, 15 U.S.C. § 1117(c)(2) permits statutory damages awards of "$1,000,000 per counterfeit mark ... as the court considers just." The Court finds that Defendant's actions meet this willfulness standard. Willfulness can be established by evidence of knowing conduct or by evidence that the defendant acted with "an aura of indifference to plaintiff's rights"—in other words, that the defendant willfully blinded himself to facts that would put him on notice that he was in-

fringing another's trademarks, having cause to suspect it. *Philip Morris USA Inc. v. Banh*, 2005 U.S. Dist. LEXIS 43113, at *20 (C.D.Cal.2005); *see also Louis Vuitton S.A. v. Lee*, 875 F.2d 584, 590 (7th Cir.1989) ("[I]t is enough ... that the defendant failed to inquire ... because he was afraid of what the inquiry would yield."). "To be willfully blind, a person must suspect wrongdoing and deliberately fail to investigate." *Hard Rock Cafe Lic. Corp. v. Concession Servs.*, 955 F.2d 1143, 1149 (7th Cir.1992).

Here, Defendant willfully blinded himself to facts that would put him on notice that he was infringing another's trademarks. Among other things, he did not know the person who hired him to transport the counterfeit cigarettes [4] or what was in the containers,[5] but he was eager to do this job and establish an ongoing business relationship with him; [6] he failed to keep the records he would otherwise normally keep; [7] he never met the person who hired him, despite that person's repeated promises to meet with Defendant during the unloading and transportation; [8] Defendant signed a "bill of lading" to acknowledge receipt of the container, which he had never done before, yet he did not question it; [9] he did not question transporting the containers to public storage units; [10] and most tellingly, Defendant completely disregarded a third-party's statement that there was a problem with the shipment, that he would no longer assist with the transloading, and that he suggested Defendant do the same.[11]

4. Liu Depo. 58:11–59:7; 83:17–23.

5. Liu Depo. 85:11–86:8.

6. Liu Depo. 103:7–18.

7. Liu Depo. 55:4–56:18; 128:13–129:21 ("I didn't write down because I wanted to collect the cash").

8. Liu Depo. 79:25–80:22.

9. Liu Depo. 59:1–16.

10. Liu Depo. 69:17–70:4.

11. Liu Depo. 103:19–104:22; 105:19–106:3. Further, when Defendant was asked why he didn't inquire further, he replied, "I didn't because I just wanted to make money. Why I ask these kind of questions?" Liu Depo. 68:15–22.

■ Plaintiff alleges that Defendant imported counterfeit cigarettes that infringed two of its trademarks, and it seeks statutory damages in the amount of $2,000,000. Defendant fails to dispute the appropriate amount of damages in his opposition. Based on the need (1) to deter Defendant, and other counterfeiters, from violating Plaintiff's valid trademarks, (2) to compensate Plaintiff for the damage caused by Defendant's actions, and (3) to punish Defendant for his willful violation of Plaintiff's trademarks, the Court awards Plaintiff the statutory damages of $1,000,000 for the unlawful use of each of these trademarks for a total of $2,000,000, as prayed for in the complaint and in Plaintiff's motion.[12]

■ In addition, the Court finds Plaintiff is entitled to the injunctive relief under 15 U.S.C. § 1116(a) as set forth in its motion for summary judgment.

■ Finally, 15 U.S.C. § 1117(a) authorizes a court to award attorneys' fees to the prevailing party in "exceptional cases." The term exceptional cases generally is taken to mean cases in which the trademark infringement is "willful." *See Lindy Pen Co. v. Bic Pen Corp.*, 982 F.2d 1400, 1409 (9th Cir.1993) (interpreting the term "exceptional" to apply when "the infringement is malicious, fraudulent, deliberate, or willful"). As the Court already has stated, it finds Defendant's conduct willful, and, therefore, the Court awards Plaintiff its attorneys' fees. As detailed in the judgment, Plaintiff shall file and serve on Defendant a detailed application for attorneys' fees, which shall include declarations and supporting evidence concerning the amount of reasonable attorneys' fees incurred in this case against this Defendant. Defendant shall have an opportunity to respond. Similarly, Plaintiff is entitled to recover its costs incurred in bringing this action. 15 U.S.C. § 1117(a).

Judgment will be entered accordingly.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by United States mail or by telefax or by email, copies of this Order on counsel for the parties in this matter.

---

12. The Ninth Circuit has held in the copyright context that an award of the maximum statutory damages against an infringer is permissible, despite the fact that a plaintiff may have suffered only nominal damages, in part, because of the deterrent effect of such an award. *Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir.1990).